UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY TERRELL HOWARD, )
)
Plaintiff, )
)
v. ) No. 4:18-CV-0361 JAR
)
MISSOURI DEPT. OF CORRECTIONS, )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Larry Terrell Howard for leave to commence this action without payment of the required filing fee. After review of plaintiff's financial information, the Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915. However, after reviewing plaintiff's complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, Larry Terrell Howard, is a former inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC). He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by defendant, the Missouri Department of Corrections ("MDOC").

Plaintiff claims that while he was incarcerated in August of 2017, he put an order in at the canteen at ERDCC to be filled prior to him being transferred to attend court in St. Louis County. He claims that when he returned to ERDCC several days later, he did not receive the items, nor were the items from the canteen placed in his property. Plaintiff claims that $32.96 was removed from his inmate account to purportedly pay for the canteen items, and he was told that because he did not receive the items, the money would be reimbursed to him. Plaintiff alleges that the money has still not been reimbursed, over six months later. Plaintiff does not explain how the money was supposed to be reimbursed to him now that he is no longer incarcerated.

For relief in this action, plaintiff seeks $18,000.

## Discussion

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, and they are described as: "withholding funds," and "defrauding reimbursement," and "withholding wages." However, regardless as to how plaintiff characterizes defendant's purported behavior, his assertions allegedly refer to plaintiff's belief that MDOC failed to provide him with the $32.96 worth of canteen supplies that he ordered in August of 2017 at ERDCC.

Unfortunately, plaintiff's complaint fails to state a claim against the Missouri Department of Corrections because an agency exercising state power is not a "person" subject to a suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). As such, this matter is subject to dismissal for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of June, 2018.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE